At April t ,rm 1823, Putnam J. read the opinion of the Court, as prepared by
Parker C. J.
The several objections, which have been in geniously urged against the verdict in this case, have been considered by the Court, and they have come to the following result.
The separation of Maine from this Commonwealth can have no effect upon the rights of the parties, they being vested before the separation, so far as relates to the expenses of maintaining the pauper antecedent to the separation.[1]
The action not being commenced within two years after notice given to the defendants, the count upon the statute xyas properly abandoned by the plaintiffs.[2] But an action upon an express promise will lie, notwithstanding the lapse of time, such a promise being barred only by the general statute of limitations. The obligation created by the statute to support paupers is a good legal consideration for an express promise. If upon notice to a town liable, they should yield to the demand, and ask for time to pay, or their authorized agent should give a promissory note for the amount, it surely would not be an objection to an action upon such note, that it was not commenced within two years from the notice, as prescribed by the statute And a verbal promise, legally proved, is as effectual, to all legal oúrposes, as a promissory note.
The question then is, whether the case shows a promise bindng upon the inhabitants of the town. And this depends upon tne question, whether a promise made by the overseers of a town, to pay expenses actually incurred by another town for the support of a pauper legally chargeable to the town for which *131 the promise is n.ade, is binding upon such town. And we think it very clear, that in such a case the overseers are made by law agents of the town, with power to bind their principal by their promise. The whole business relating to the support of paupers is left to the overseers ; they are to receive the notice ; and they may remove the pauper, at the expense of their town, witnout consulting the inhabitants, and, without doubt, may pay the demands of the town from which the pauper is removed, to prevent a suit. The very object of the notice is, that, from the information it contains, the overseers may satisfy themselves whether their town is chargeable or not, in order to avoid the expense of a suit. When they are so satisfied, if they have a right to pay the money, they have a right to gain time by a promise to pay. Their very neglect may fix the charge upon their town, and prevent it from defending against the claim. If they act corruptly, and, perhaps, if carelessly, the town will have a remedy against them. This very case shows the propriety of confiding such powers to the overseers ; for the town would have been sued, but for the readiness of the overseers to pay after being satisfied of the justice of the claim. The town surely would not wish now to set up the statute against the plaintiffs, when the delay was occasioned by a reliance upon the word of their authorized agents. [1]

Judgment on the verdict.

 The settlement of a pauper in Massachusetts, which was lost by a subsequent settlement gained in Maine before it became a separate State, did not revive by that event. Mendon v. Bellingham, post, 153. A person having a settlement in Massachusetts proper, but living in Maine at the time it was made a separate State, did not acquire a settlement in Maine by the separation. Middleborough v. Clarke, 2 Pick. 28. See Lapish v. Wells, 6 Greenl. 186, as to the construction of St- l-19, c. 36, § 1, in relation to the separation of Maine from Massachusetts : Damon's case, 6 Greenl. 148.

 The two years are to be computed from the delivery of the notice, and not from its date. Uxbridge v. Seekonk, 10 Pick. 150

 The overseers of the poor of a town may bind the town by a contract not to take advantage of any defect in a notice given by another town, that i pauper has been relieved. Hanover v. Eaton, 3 N. Hamp. R. 38.